IN THE UNITED STATEDS DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHURCH HILL PLACE INVESTMENTS, LLC,

     Plaintiff,

v.                                 Case No.: 3:10-cv-00288-RLW

MDA LENDING SOLUTIONS INC.,

     Defendant.

## DEFENDANT MDA LENDING SOLUTIONS INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW MDA Lending Solutions Inc., (hereinafter "MDA") defendant, by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule") and in support of its Motion to Dismiss the Complaint ("Motion to Dismiss") state as follows:

## INTRODUCTION

Plaintiff alleges that it had a contractual relationship with MDA and further alleges that in August 2008 it "engaged the services of MDA to perform a title search on" 3602 Browns Mill Road, Atlanta, Georgia 30354, and that MDA provided a Title Report (hereinafter "2008 Title Report) to Plaintiff for said property. *Compl.* at ¶¶ 9 and 11. Plaintiff has filed this action claiming a breach of contract under the 2008 Title Report and that MDA breached a warranty contained in the 2008 Title Report. Plaintiff further alleges in its breach of warranty count that a Real Estate Settlement Services Agreement (hereinafter "Settlement Services Agreement") between United Leasing Corporation (hereinafter "ULC") and MDA extends to affiliates of ULC, such as Plaintiff, (*Compl.* at 25), and hence Plaintiff is entitled to its actual damages under such agreement. *Compl.* at 24.

However, a careful reading of the 2008 Title Report and the Settlement Services Agreement reveals that Plaintiff fails to state a cause of action against MDA under any of its theories and the Complaint should be dismissed without leave to amend.

## ARGUMENT

### I.  The Standard Of Law In A 12(b)(6) Motion.

A defendant may move the court to dismiss a cause of action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under the motion to dismiss standard, factual allegations must be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Trulock v. Freeh,* 275 F.3d 391, 405 (4th Cir. 2001). The United States Supreme Court has advised that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

The United States Supreme Court recently expanded on *Twombly* in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). In *Iqbal,* the Supreme Court established a two-pronged analytical approach that is to be utilized when reviewing any Rule 12(b)(6) motion. *Id*. at 1951. First, a "court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth." *Martinez v. Res. Bank*, No. 1:09cv1112, 2009 WL 3764069, at *3 (E.D. Va. Nov. 9, 2009) (discussing the two-pronged 12(b)(6) approach in *Iqbal*). Thus, "bare assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice. *Id.* (citations omitted). Second, even though the court is to assume that "well-pleaded factual allegations" are true, the court should analyze the allegations in their

specific context using the court's "judicial experience and common sense" to determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, the plaintiff must do more than allege "a sheer possibility that a defendant has acted unlawfully." *Id.*

On a Rule 12(b)(6) motion, documents that are necessarily embraced by the complaint but are not attached to the complaint, are not matters outside the pleadings, and may be considered by the court in a motion to dismiss. *Enervations, Inc. v 3M*, 380 F.3d 1066 (8th Cir. 2004). In *Heretick v Amberley Shipping Corp.*, 227 F. Supp. 2d 575, 577 (E.D. Va. 2002), the court held that while generally "the court may not consider matters outside the pleadings without converting the motion to dismiss into a motion for summary judgment . . ., the court may consider dispositive documents that are either attached to, or referenced in, the complaint." *Id.* (internal citations omitted.) In this instance, Plaintiff refers to a Settlement Services Agreement buts fail to attach it to Plaintiff's Complaint. Furthermore, the copy of the two Title Reports relied upon by Plaintiff in its Complaint are incomplete. In keeping with the holding in *Heretick*, MDA attaches the complete copy of the Settlement Services Agreement (Exhibit <u>A</u>), the 2008 Title Report (Exhibit <u>B</u>), and the 2010 Title Report (Exhibit <u>C</u>) that are referenced in plaintiff's Complaint.

## II.     The Breach of Contract And Breach of Warranty Counts Should Be Dismissed As No Privity Exists Between Plaintiff and MDA.

No contract or warranty agreement exists between Plaintiff and MDA, and hence there is no privity between plaintiff and MDA. The Settlement Services Agreement referenced in Plaintiff's Complaint and relied upon by Plaintiff for its breach of warranty count is between ULC, a non-party, and MDA, with the exception of Section 5 which contains the indemnification

and insurance portion of the Settlement Services Agreement.  Second, the limitation of damages

that Plaintiff claims extends to it appears in the context of an indemnification claim.  The

limitation of damages section is not as broad as Plaintiff construes it.  Third, the warranty in the

2008 Title Report that Plaintiff refers to in its Complaint and relies upon for its breach of

contract count only extends to ULC.  It does not extend to Plaintiff.

1.   **Under Delaware Law[1], Paragraphs Of The Settlement Services Agreement Are To Be Read In Context Of The Entire Instrument, And When The Referenced Sections Are Read In Context Of The Entire Settlement Services Agreement, Only The Indemnification Clause Of The Settlement Services Agreement Extends To Plaintiff.**

As mentioned previously, plaintiff is relying upon the Settlement Services Agreement for

plaintiff's breach of warranty claim.  However, when read in context of the documents, the only

place where the terms of the Settlement Services Agreement extend to plaintiff for a breach of

warranty claim is under the indemnification clause in the Settlement Services Agreement.

In *Hudson v. D&V Mason Contractors, Inc.*, 252 A.2d 166 (1969), the court held that the

defendant contractor was bound by the terms of the construction contract, and could not avoid

performing under the terms of the construction contract.  At issue was the phrase "as herein

provided."  252 A.2d at 168.  Defendant contractor argued that the phrase "as herein provided"

relieved defendant contractor from performing under the construction contract.  The court,

however, disagreed.  "Use of the phrase 'as herein provided' calls special attention to the

cardinal rule that one paragraph in a contract, cannot be read in isolation, but must be read within

the context of the entire instrument."  *Id.* at 168.  The court then held that the various paragraphs

of the construction contract paragraphs must be read in concert together, and that the contract did

---

[1] The Contract between ULC and defendant contains a Choice of Law provision in Section 9(g).  That section states, "ALL QUESTIONS CONCERNING THE CONSTRUCTION, VALIDITY AND INTERPRETATION OF THIS AGREEMENT SHALL BE COVERNED BY AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF DELAWARE WITHOUT REGARD TO THE CONFLICTS OF LAW PRINCIPLES OF SUCH STATE."  *Id.* (emphasis in original).

not allow defendant contractor to avoid performing under the contract simply because of increased cost. *Id.*

In the case at bar, the Settlement Services Agreement between ULC and defendant contains a definition of the parties to the contract.  Section 9(f) of the Settlement Services Agreement states, "**Except** for an indemnified Party's directors, officers, employees, affiliates and agents in the context of Section 5, this Agreement is solely for the benefit of the Parties and no provision of this Agreement shall be deemed to confer upon another party any remedy, claim, liability, reimbursement, cause of action or other right." *Exhibit A*, at Section 9(f) (emphasis added).  A review of Section 5 of the Settlement Services Agreement shows that Section 5 pertains to Indemnification and Insurance.  The indemnification provision in Section 5 extends to a party's directors, officers, employees, affiliates and agents.  Specifically, Section 5 (a)(i) and (ii) of the Contract states, "**Except** as otherwise provided or limited in this Agreement, each Party agrees to indemnify, hold harmless and defend the other Party, its directors, officers, employees, affiliates and agents from and against any and all Losses incurred that result directly and proximately from (i) a breach of an obligation or representation of the Party from whom **indemnification** is sought (the "**Indemnifying Party**"); or the fraud, gross negligence or willful misconduct of the Indemnifying Party, its agents, employees, subcontractors or assigns." *Id.* (emphasis added) (emphasis in original).

Thus, by its terms, the Settlement Services Agreement exists only between ULC and MDA, with the exception of an indemnification provision.  Plaintiff has not made any allegations in its lawsuit for indemnification.  For example, no one is suing Plaintiff for an alleged breach of the warranty in the 2008 Title Report.  Rather, plaintiff is simply seeking remedies based upon an alleged breach of contract and an alleged breach of warranty.  Since Plaintiff has pled these

counts in its lawsuit, Plaintiff has no privity with MDA under the Settlement Services

Agreement, and its suit against MDA should be dismissed.

**2.   The Limitation of Damages Section In The Settlement Services Agreement Only Pertains To Indemnification Claims, Not To Plaintiff's Lawsuit**

The limitation of damages clause contained in the Settlement Services Agreement does

not support Plaintiff's allegation that for the alleged breach of warranty in the Title Report,

Plaintiff's damages are limited to its actual damages.  *Compl.* at ¶ 24 ("Pursuant to the terms of

the [Settlement Services] Agreement, the limitation on the amount of the Warranty is the amount

of the actual damages." (alteration added.))   The referenced section in the Settlement Services

Agreement is found in Section 5, which as noted above, discusses indemnification and insurance.

Thus, under the previously discussed principles in *Hudson v. D&V Mason Contractors, Inc.*, 252

A.2d 166 (1969), it would logically flow that the limitations of damages clause pertains to an

indemnification claim made against MDA.  And as previously noted, Plaintiff is not making an

indemnification claim against MDA; thus, the damage limitation of the Settlement Services

Agreement does not extend to Plaintiff, and Plaintiff is not entitled to recover its actual damages

under the theory that it has pled.[2]

**3.   The Title Search Report's Warranty Only Extends To ULC, And Does Not Extend To Third Parties, Such As Plaintiff**

Plaintiff alleges in its Complaint that "MDA warranted to Church Hill Place that the

report had 'been accurately reported from the public record sources available as of the effective

date of this report.'"   *Compl.* at ¶ 22.  Plaintiff's claim; however, fails for two reasons.  First, the

documents relied upon by Plaintiff reveal that the 2008 Title Report is to Tia Wiggins.  A review

---

[2] If the referenced section were found in another portion of the Settlement Services Agreement, e.g. Section 9, which is the Miscellaneous section, Plaintiff's argument may be stronger that it is entitled to recover actual damages. However, it should be noted that, even under this scenario, the definition of "parties" in the Miscellaneous section excludes Plaintiff.

of the Settlement Services Agreement reveals that Ms. Wiggins is the Document Manager for ULC. Thus, aside from a bare assertion regarding the ordering of the Title Report from MDA, the documents relied upon by Plaintiff do not support Plaintiff's claim that Plaintiff ordered the 2008 Title Report, that MDA provided said report to Plaintiff, and that MDA made a warranty to Plaintiff.

Second, Plaintiff has a myopic view of the 2008 Title Report's warranty. Plaintiff overlooks the very last paragraph of the 2008 Title Report which states, "This warranty is extended to you as MDA's customer and is not intended for the benefit of any third party." *Exhibit B*, at pg. 3. Again, using the basic contract principles enunciated above in *Hudson v. D&V Mason Contractors, Inc.*, 252 A.2d 166 (1969), *supra*, the various paragraphs of a document should be read together, not separately. Here, as mentioned above, the documentary evidence shows that the documents produced by Plaintiff do not support its claim that the 2008 Title Report was ordered by Plaintiff or given to Plaintiff. Rather, a common sense reading of the 2008 Title Report shows that it is the result of the Settlement Services Agreement between ULC and MDA and was given to ULC's employee. Based on the above, it would logically follow that the "you" referenced in the 2008 Title Report refers to ULC not to Plaintiff. Thus, Plaintiff is a third party and the warranty in the Title Report does not extend to Plaintiff. Therefore, Plaintiff is not entitled to recover from MDA for any alleged breach of warranty in the 2008 Title Report.

**III. Even If This Court Were To Find That The Warranty In The Title Report and That The Settlement Services Agreement Extends to Plaintiff, Facts That MDA Do Not Concede, Plaintiff's Lawsuit Is Premature As It Has Failed Allege That It Has Satisfied The Condition Precedent In The Title Report**

Plaintiff alleges that it is entitled to $1,576,834.01, plus late charges and $315,366.80 attorney's fees. *Compl.* at ¶ 20. In short, Plaintiff is seeking to hold MDA liable for the entire

loss that is sustained. Plaintiff has not alleged that it has mitigated its damages by taking all actions to enforce its lien against the Georgia Property and to reduce its out of pocket costs. This is a condition precedent to recovering for any alleged breach in the 2008 Title Report, and is clearly stated in the 2008 Title Report:

> MDA's liability for breach of this warranty shall be limited to the actual amount of any loss incurred by you, the maximum amount allowed by applicable law or $25,000, or that amount as limited by your Settlement Services Purchase Agreement, whichever is less, unless specifically determined by the Customer's Settlement Services Purchase Agreement and **is conditioned upon your enforcing the promissory note and security instrument to the fullest extent provided by law and taking all reasonable steps to protect any interest you may acquire in the real property described in this report.**

*Exhibit B*, at pg. 3 (emphasis added).

This condition precedent requirement is also found in Delaware law. Notably, Delaware Pattern Jury Instruction 22.26 states:

> Generally, the measure of damages for one who is harmed by a breach of contract is tempered by a rule requiring that the injured party make a reasonable effort, whether successful or not, to minimize the losses suffered. To mitigate a loss means to take steps to reduce the loss. If an injured party fails to make a reasonable effort to mitigate its losses, its damage award must be reduced by the amount a reasonable effort would have produced under the same circumstances. This reduction, however, must be measured with reasonable probability.

*Id. See also Lynch v. Vickers Energy Corp.*, Del. Supr., 429 A.2d 497, 504 (1981) (plaintiff with out-of-pocket expenses has duty to mitigate them); *McClain v. Faraone*, Del. Super., 369 A.2d 1090, 1093 (1977) (duty to mitigate losses in liquidation of property at foreclosure sale of injured party); *Nash v. Hoopes*, Del. Super., 332 A.2d 411, 414 (1975) (duty in contractual breach to mitigate losses when reasonably possible); *Katz v. Exclusive Auto Leasing, Inc.*, Del. Super., 282 A.2d 866, 868 (1971) (common law of contracts requires injured party to minimize losses).

In the present case, plaintiff has not alleged that it mitigated it losses.  Hence, plaintiff's lawsuit is premature, and should be dismissed.

## **<u>CONCLUSION</u>**

As there is no privity between Plaintiff and MDA under either the Settlement Services Agreement or the 2008 Title Report, and plaintiff has not alleged that it has mitigated its damages, plaintiff's lawsuit should be dismissed.


Respectfully submitted,


<u>/s/Ronald J. Guillot, Jr.</u>
Ronald J. Guillot, Jr., Esq. (VSB# 72153)
Karen E. Daily, Esq. (VSB# 48210)
SAMUEL I. WHITE, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, Virginia 23462
(757) 217-9304 (Office)
(757) 497-2802 (Facsimile)
*rguillot@siwpc.com*; kdaily@siwpc.com
*Counsel for Defendant MDA Lending Solutions Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2010, I caused a true copy of the foregoing

with attachments to be served via electronic transmission with the Clerk of Court using the

CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James E. Kane, Esquire
Kane, Papa & Ortiz
1313 East Cary Street
Richmond, Virginia 23219
(804) 225-9500
(804) 225-9598 – facsimile
*Counsel for Plaintiff*

                                 /s/Ronald J. Guillot, Jr._____
                                 Ronald J. Guillot, Jr., Esq. (VSB# 72153)
                                 Karen E. Daily, Esq. (VSB# 48210)
                                 SAMUEL I. WHITE, P.C.
                                 5040 Corporate Woods Drive, Suite 120
                                 Virginia Beach, Virginia 23462
                                 (757) 217-9304 (Office)
                                 (757) 497-2802 (Facsimile)
                                 *rguillot@siwpc.com*; kdaily@siwpc.com
                                 *Counsel for Defendant MDA Lending Solutions Inc.*