IN THE UNITED STATEDS DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHURCH HILL PLACE INVESTMENTS, LLC,

    Plaintiff,

v.                                 Case No.: 3:10-cv-00288

MDA LENDING SOLUTIONS INC.,

    Defendant.

## AMENDED NOTICE OF REMOVAL

Pursuant to Judge Williams' May 13, 2010 Order and pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant MDA Lending Solutions Inc. (hereinafter "MDA"), hereby files this amended notice of removal of this action from the Circuit Court for the City of Richmond, Virginia to the United States District Court for the Eastern District of Virginia, Richmond Division. Removal is based upon diversity jurisdiction, as there is complete diversity between the plaintiff and defendant, and the amount in controversy exceeds $75,000. In further support, defendant MDA states as follows:

## STATEMENT OF GROUNDS OF REMOVAL

**I.**     **Background**

1. On or about March 23, 2010, counsel for plaintiff filed the instant lawsuit, attached hereto as Exhibit A. Said lawsuit arises over a dispute concerning a title report that plaintiff allegedly ordered from defendant. Plaintiff alleges that it has been damaged in the amount of $1,576,366.80.

2. On March 30, 2010, MDA was served with a copy of said Complaint. A copy of said Complaint has been previously provided to the Court. The Complaint is the only document

provided to defendant MDA.  The Notice of Removal is therefore timely pursuant to 28 U.S.C. §1446(b).

    3.     This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. § 1331(c)(1).  Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

    4.     Plaintiffs' Complaint asserts the following causes of action against defendant MDA:

        a.     Breach of contract

        b.     Breach of warranty

    5.     Defendant MDA denies that plaintiffs have stated a claim for which relief may be granted, denies that the contract between MDA and United Leasing Company also extends to plaintiff, denies that plaintiff has shown causation for which relief should be granted, denies that the contract referred to applies to the type of property at hand, denies that plaintiff has satisfied all conditions precedent in order to be able to seek relief, denies that plaintiff is entitled to the damages which it seeks, denies any privity of contract between plaintiff and defendant, denies that the alleged warranty extends to plaintiff, and denies that Plaintiff has sustained any legally recoverable damages.  Nevertheless, assuming for jurisdictional purposes only that Plaintiffs' claims are valid, they could have originally filed their Complaint in this Court under diversity jurisdiction.  Removal is therefore proper under 28 U.S.C. § 1441.

## II.    Federal Jurisdiction

    6.     Diversity jurisdiction pursuant to 28 U.S.C. § 1331(a) and (c)(1) exists over this action because Plaintiffs assert claims involving citizens of different states, and the amount in

controversy exceeds Seventy-Five Thousand and NO/100 ($75,000.00) exclusive of interest and costs.

    **A.**    **Diversity jurisdiction exists over Plaintiffs' claims as there is complete diversity between all parties and the amount in controversy exceeds $75,000**

7.    Plaintiff has alleged that it is a Virginia limited liability company, and is an affiliate of United Leasing Corporation. (Compl. ¶ 1).  For diversity purposes, "a limited liability company is assigned the citizenship of its members." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004).  As there is no requirement in Virginia for a limited liability company to file information pertaining to its members, and as this case was just filed in the Circuit Court for the City of Richmond, counsel for MDA conferred with plaintiff's counsel as to the citizenship of plaintiff's members.  Plaintiff's counsel has advised that there are two members for plaintiff.  One member resides and lives in New Hampshire.  The second member resides and lives in North Carolina.   However, should this Court require additional documentation, please see **Exhibit A**, attached hereto.

7.    Defendant MDA is a citizen of the State of Delaware (Compl. ¶ 2) and does business in all 51 jurisdictions. Defendant MDA's principal place of business is in the State of Delaware as most of its employees are located in Delaware, corporate meetings are held in the Delaware office, a majority of the corporation's officers live in Delaware, administrative tasks are performed in the Delaware office, and the corporate minutes are kept in the Delaware office. *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010) (holding that the appropriate test to use for determining a corporation's citizenship under 28 U.S.C. §133(c)(1) is the "nerve center test" where the corporation does business in multiple states).

8.    Because the plaintiff's members are citizens of New Hampshire and North Carolina and defendant is a citizen of Delaware, complete diversity exists between all parties.

9. As previously mentioned, the amount in controversy for diversity jurisdiction is satisfied as the suit is for more than $75,000.00 exclusive of interest and costs.

**B. All remaining claims are within the Court's supplemental jurisdiction.**

10. Because the Court has diversity jurisdiction over the claims discussed above, this Court has supplemental jurisdiction over all remaining claims, which are so related to Plaintiffs' federal claims that they form the same case or controversy under Article III of the United States Constitution. See 28 U.S.C. §1367.

11. As mentioned above, Plaintiff alleges that defendant MDA Lending Solutions breached a contract and a warranty and seeks the following relief:

    a. An award of $1,576,834.01 plus late charges, costs and $315,366.80 in attorneys fees.

**III. Venue**

12. Venue is proper in this Court because the district and division encompass the Circuit Court for the City of Richmond, Virginia, the forum from which this case has been removed.

**IV. Notice**

13. Defendant MDA has already provided written notice of the filing of this Notice of Removal to Plaintiff and to the Circuit Court for the City of Richmond as required by 28 U.S.C. § 1446(d).

14. Defendant MDA has already filed the certified copy of the file from the Circuit Court for the City of Richmond as well as all documents that defendant MDA has been served with.

WHEREFORE, Defendant MDA, by counsel, hereby removes this action to this court.

Respectfully submitted,

_____
Karen E. Daily (VSB #48210)
Ronald J. Guillot (VSB # 72153)
Samuel I. White PC
5040 Corporate Woods Drive, Ste 120
Virginia Beach, Virginia 23462
(757) 490-9284
(757) 457-2802 – Facsimile
kdaily@siwpc.com
rguillot@siwpc.com
*Counsel for defendant MDA Lending Solutions Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2010, I caused a true copy of the foregoing with attachments to be served via electronic transmission with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James E. Kane, Esquire
Kane, Papa & Ortiz
1313 East Cary Street
Richmond, Virginia 23219
(804) 225-9500
(804) 225-9598 – facsimile
*Counsel for Plaintiff*

_____
Karen E. Daily (VSB #48210)
Ronald J. Guillot (VSB # 72153)
Samuel I. White PC
5040 Corporate Woods Drive, Ste 120
Virginia Beach, Virginia 23462
(757) 490-9284
(757) 457-2802 – Facsimile
kdaily@siwpc.com
rguillot@siwpc.com
*Counsel for defendant MDA Lending Solutions Inc.*