UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

_____
                                                       )
CHURCH HILL PLACE INVESTMENTS, LLC,   )
                                                       )
            Plaintiff,                              )
                                                       )
v.                                                    )          Civil Action No. 3:10-cv-288-RLW
                                                       )
MDA LENDING SOLUTIONS, INC.,          )
                                                       )
            Defendant.                           )
_____)

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

COMES NOW, the Plaintiff, Church Hill Place Investments, LLC ("Church Hill Place"), by counsel, and files the following Brief in Opposition to Defendant, MDA Lending Solutions, Inc.'s ("MDA") Motion to Dismiss Complaint.

## FACTS

The allegations contained in the Complaint herein include the following facts:

Church Hill Place is an affiliate of United Leasing Corporation ("ULC") engaged in the business of financing small businesses using a lease structure.  In or about August, 2008, Church Hill Place was evaluating a lease proposal to finance a business in Norcross, Georgia known as Hong Kong Market, Inc. ("Hong Kong Market").  In order to approve the transaction, Church Hill Place required additional collateral to secure the lease obligations.  Hong Kong Market offered as additional collateral a parcel of real estate located in Fulton County, Georgia known as 3602 Browns Mill Road, Atlanta, Georgia 30354 ("Property").  In or about August, 2008 Church

1

Hill Place engaged the services of MDA to perform a title search on the Property.  On or about September 2, 2008, MDA provided Church Hill Place with a title search report on the Property indicating that the Property had no mortgages, deeds of trust or other liens thereon.  A copy of said title search report was attached to the Complaint as Exhibit "A" ("Title Report").    In reliance on Title Report, on or about September 25, 2008 CHP entered into an equipment lease agreement with Hong Kong Market whereby Church Hill Place loaned Hong Kong Market $1,100,000.00 under a lease structure.  A copy of the equipment lease was attached to the Complaint as Exhibit "B" ("Lease").  The Lease was secured by a Security Deed and Agreement on the Property, a copy of which was attached to the Complaint as Exhibit "C" ("Deed of Trust").  A default occurred under the Lease and Church Hill Place, in accordance with the terms of the Lease, accelerated all sums due thereunder.  The accelerated balance due is $1,576,834.01, plus late charges, costs and $315,366.80 attorney fees.  In or about January, 2010, Church Hill Place referred this matter to counsel to commence legal proceedings and to foreclose on the Property.  On or about January 12, 2010 Church Hill Place ordered an updated title search report from MDA on the Property.  On or about January 28, 2010 provided Church Hill Place with a title search report indicating that there was a mortgage on the Property recorded on June 26, 2006 in favor of Suntrust Bank-SD in the amount of $800,000.00.  A copy of said title search report was attached to the Complaint as Exhibit "D".  The Suntrust Bank-SD was not reported on the original Title Report and had Church Hill Place been aware of it in September 2008, it would not have entered into the Lease.

Pursuant to the terms of the Title Report, MDA warranted that the report had "been accurately reported from the public record sources available as of the effective date of this

2

report" ("Warranty").   In addition, on or about November 22, 2006, Transunion Settlement

Solutions, Inc. a predecessor in interest to MDA entered into a Real Estate Settlement Services

Purchase Agreement with United Leasing, a copy of which was attached to the Complaint as

Exhibit "D" and is incorporated herein by this reference ("Real Estate Services Agreement").

Pursuant to the terms of the Real Estate Services Agreement, the limitation on the amount of the

Warranty is the amount of the actual damages.   The terms of the Real Estate Services Agreement

are applicable to affiliates of United Leasing, including Church Hill Place.

## PROCEDURAL POSTURE

On March 23, 2010, Church Hill Place filed this matter in the Circuit Court for the City

of Richmond seeking damages against MDA for breach of contract and breach of warranty

arising out of the defective Title Report.   On April 29, 2010, MDA filed a Notice of Removal

from Richmond Circuit Court to this Court.   On May 12, 2010, MDA filed its Motion to Dismiss

this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, the facts alleged must be taken as true and a complaint may

not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or

will ultimately prevail on the merits.  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 127 S. Ct. at

1964-65 n.8 (2007); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. Pa.

2008).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." Twombly, 127 S. Ct. 1955 127 S. Ct. at 1964-65 (2007).  "Factual

allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.  See

Phillips, 515 F.3d 224, 231-232 (3d Cir. Pa. 2008).  It remains an acceptable statement of the

standard that courts "accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief." Phillips, 515 F.3d at 233; Twombly, 127 S. Ct.

at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement

that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could,

upon a trial, establish a case which would entitle them to . . . relief, the motion to dismiss should

not have been granted") (citation  omitted).

## ARGUMENT

I.    **THE TERMS OF THE REAL ESTATE SETTLEMENT SERVICES PURCHASE AGREEMENT EXTEND TO CHURCH HILL PLACE.**

   a.    The Allegations in the Complaint that Church Hill Place is an Affiliate of ULC and that it has Suffered a Loss as a Result of MDA's Breach of Contract and Breach of Warranty Sufficiently State a Cause of Action Against MDA.

In support of its Motion to Dismiss, MDA asserts that there is no privity of contract

between Church Hill Place and MDA.

Section 5 of the Real Estate Services Agreement provides:

(a)    Obligations.  Except as otherwise provided or limited in this Agreement, each Party agrees to indemnify, hold harmless and defend the other Party, its directors, officers, employees, **affiliates** and agents from and against **any and all Losses** incurred that result directly and proximately from (emphasis added):

   (i)    A breach of an obligation or representation of the Party from whom indemnification is sought . . .

\* \* \*

4

As used in this Agreement, the term "**Losses**" means any and all liabilities, losses, claims, damages of any type permitted to be recovered by law, penalties and documented out-of-pocket expenses (including reasonable attorney fees and expenses and costs of investigation and litigation) . . .

In the instant case, Church Hill Place has alleged that it is an affiliate of ULC (Compl. ¶ 1) and that is has incurred losses as a result of MDA's breach of contract and breach of warranty (Compl. ¶ 20).  In order to avoid liability under the Real Estate Services Agreement, MDA is taking the untenable position that since Church Hill Place is not being sued by another party, Section 5 of the Real Estate Services Agreement is not applicable.

The term "indemnify" is defined as

To restore the victim of a loss, in whole or in part, by payment, repair, or replacement. To save harmless, to secure against loss or damage; to give security for the reimbursement of a person in the case of an anticipated loss falling upon him . . .

Seither v. Balbec Corp., 1995 Del. Super. LEXIS 305 (Del. Super. Ct. July 27, 1995)

(citing Black's Law Dictionary (6th ed. 1990).

Though 'exoneration' and 'indemnity' are often used interchangeably, the former refers to the right to be reimbursed by reason of having paid that which another should be compelled to pay, 35 C.J.S. Exoneration p. 227; the latter, as applied to the facts of this case, means compensation for loss already sustained. This right is generally based upon contract, express or implied. 42 C.J.S. Indemnity p. 562 and 1, p. 564.

Uptagrafft v. United States, 315 F.2d 200, 203 (4th Cir. Va. 1963); cert. denied, 375 U.S. 818, 84 S. Ct. 54, 11 L. Ed. 2d 52 (1963).

Since Church Hill Place has affirmatively alleged that it engaged the services of MDA to provide the Title Report, that MDA provided the Title Report to MDA, and that it has suffered a loss as a result of MDA's breach of contract, Church Hill Place has sufficiently alleged privity of

5

contract with MDA respect to its Breach of Contract claim.  Since Church Hill Place has further

alleged that it is an affiliate of ULC and that it has suffered a loss as a result of MDA's breach of

warranty, it has alleged sufficient facts to establish privity of contract with MDA on its Breach

of Warranty Claim, and that the terms of the Real Estate Services Agreement extend to Church

Hill Place.

> b.     Church Hill Place has Liability to a Third Party Arising Out of MDA's
>        Breach of Contract and Breach of Warranty.

Although Church Hill Place believes it has sufficiently alleged a cause of action against

MDA for breach of contract and breach of warranty, assuming the Court determines that Church

Hill Place can only assert a claim for indemnification under the Real Estate Services Agreement

by establishing its liability to a third party, Church Hill Place has in fact incurred liability to a

third party on the transaction complained of.  Although this is an additional fact outside of the

scope of the pending Motion to Dismiss, Church Hill Place hereby proffers to the Court a copy

of its promissory note with Wachovia Bank, attached hereto as Exhibit "A" ("Wachovia Loan").

 The proceeds from the Wachovia Loan were used to fund the transaction with Hong Kong

Market.  As security for the Wachovia Loan, Church Hill Place assigned the Lease to Wachovia

Bank.  A copy of the Assignment of Lease is attached hereto as Exhibit "B".

## II.     THE COMPLAINT SUFFICIENTLY ALLEGES THAT THE TITLE REPORT PROVIDED BY MDA WAS ORDERED BY CHURCH HILL PLACE.

In further support of its Motion to Dismiss, MDA asserts that the defective Title Report

was provided to ULC not Church Hill Place.  In support of this assertion, MDA relies solely on a

notation on the Title Report indicating that it was requested by Tia Wiggins, who had previously

signed the Real Estate Services Agreement on behalf of ULC.  This assertion completely ignores

Paragraphs 9-12 of the Complaint wherein Church Hill Place has alleged that: (i) in August, 2008 Church Hill Place engaged the services of MDA to perform a title search; (ii) on September 2, 2008, MDA provided Church Hill Place with the Title Report; and (iii) Church Hill Place relied on the Title Report in entering into the Lease with Hong Kong Market and securing it with a deed of trust on the subject property.  In addition, it is clear from the exhibits to the Complaint that Church Hill Place was the party who ordered on the Title Report since it was the party who entered into the transaction with Hong Kong Market and it was the party who placed the Deed of Trust against the Property that is the subject of the Title Report (See Comp. Exhibits A, B and C).  These facts, taken as true, are sufficient to establish a cause of action by Church Hill Place against MDA for breach of contract and breach of warranty.

MDA is attempting to argue disputed facts in support of its Motion to Dismiss, which is outside of the scope of a Rule 12(b)(6) motion wherein the Court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.  See Phillips 515 F.3d at 233.

Furthermore, Church Hill Place is hereby proffering to the Court the fact that the evidence will show that in her capacity as an employee of ULC, Tia Wiggins also served as an agent for its affiliate, Church Hill Place, when ordering the Title Report.

III.  **MITIGATION OF DAMAGES IS AN AFFIRMATIVE DEFENSE TO BE PLEAD BY MDA, NOT AN ELEMENT OF CHUCH HILL PLACE'S CLAIMS HEREIN.**

MDA's final argument in support of its Motion to Dismiss is that Church Hill Place has failed to allege that it has mitigated its damages by taking all actions to enforce its lien against

the Georgia Property and to reduce its out of pocket expenses.  MDA's argument is based on the

language of the Real Estate Services Agreement which provides

> MDA's liability for breach of this warranty shall be limited to the actual amount
> of any loss incurred by you, the maximum amount allowed by applicable law or
> $25,000, or that amount as limited by your Settlement Services Purchase
> Agreement, whichever is less, unless specifically determined by the Customer's
> Settlement Services Purchase Agreement and is conditioned upon your enforcing
> the promissory note and security instrument to the fullest extent provided by law
> and taking all reasonable steps to protect any interest you may acquire in the real
> property described in this report.

Again, MDA's argument is without merit.  MDA is confusing a plaintiff's requirement to

plead the elements of a cause of action with a defendant's requirement to plead an affirmative

defense.  As stated in Phillips, a complaint is sufficient if it contains enough factual matter (taken

as true) to suggest the required element of the cause of action.  Phillips, 515 F.3d at 233.   Under

Delaware law, in order to successfully plead a claim for breach of contract, a Plaintiff need only

allege: "(1) the making of a specific contract; (2) the obligation thereby assumed, and (3) the

breach."  Weiss v. Leewards Creative Crafts, Inc., 1993 Del. Ch. LEXIS 73 at p. 18 (Del. Ch.

Apr. 29, 1993) (citing 61A Am. Jur. 2d Pleadings § 89 (1981) and 5 C. Wright & A. Miller,

Federal Practice and Procedure § 1235 (1990) ("A complaint in a contract action must allege the

existence of a valid and binding contract")); see also Goodrich v. E.F. Hutton Group, Inc., Del.

Ch., 542 A.2d 1200, 1203-04 (1988).

Conversely, mitigation of damages is an affirmative defense to be determined by the trier

of fact.  Gutridge v. Iffland, 889 A.2d 283 (Del. 2005).   As an affirmative defense, it is a

requirement of the defendant to specially plead plaintiff's failure to mitigate damages.  Tanner v.

Exxon Corp., 1981 Del. Super. LEXIS 819, p. 12 (Del. Super. Ct. July 23, 1981).  "The   general

authority -- and, in fact, the almost universal weight of authority -- is that the burden of pleading

and   proving   mitigation   of   damages   is   upon   the   defendant   .   .   ." Stinson v. Edgemoor Iron Works, Inc., 53 F. Supp. 864, 868 (D. Del. 1944) (citing 3 Williston on Contracts, Sec. 1360).

Even assuming that Church Hill Place is required to establish that it is mitigating its damages by enforcing the Lease in order to maintain this action, Church Hill Place hereby proffers to the Court that on March 23, 2010, the same date as the filing of this case, it filed suit in the Circuit Court for the City of Richmond against Hong Kong Market and all the guarantors of the Lease in a case styled Church Hill Place Investments, LLC v. Hong Kong Market, Inc., et al., Case No CL10-1446, which matter Church Hill Place requests the Court to take judicial notice of.

## CONCLUSION

Since Church Hill Place has sufficiently plead sufficient facts to establish its privity of contract with MDA and a cause of action for breach of contract and breach of warranty, it respectfully requests that MDA's Motion to Dismiss be denied.

Dated:  June 7, 2010

Respectfully Submitted,

/s/ James E. Kane
James E. Kane (VSB #30081)
KANE, PAPA & ORTIZ
1313 East Cary Street
Richmond, Virginia  23219
Telephone: (804) 225-9500 (phone)
Facsimile: (804) 225-9598 (fax)
Email: jkane@kaneandpapa.com

*Counsel for Church Hill Place Investments, LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2010 I will electronically file the foregoing with attachments with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Karen E. Daily, Esquire
> SAMUEL I. WHITE, P.C.
> 5040 Corporate Woods Drive, Suite 120
> Virginia Beach, Virginia 23462
> kdaily@siwpc.com
>
> Ronald J. Guillot, Jr., Esquire
> SAMUEL I. WHITE, P.C.
> 5040 Corporate Woods Drive, Suite 120
> Virginia Beach, Virginia 23462
> rguillot@siwpc.com
>
> *Counsel for MDA Lending Solutions, Inc.*

> /s/ James E. Kane
> James E. Kane (VSB #30081)
> KANE, PAPA & ORTIZ
> 1313 East Cary Street
> Richmond, Virginia  23219
> Telephone: (804) 225-9500 (phone)
> Facsimile: (804) 225-9598 (fax)
> Email: jkane@kaneandpapa.com
>
> *Counsel for Church Hill Place Investments, LLC*