IN THE UNITED STATEDS DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHURCH HILL PLACE INVESTMENTS, LLC,

    Plaintiff,

v.                              Case No.: 3:10-cv-00288-RLW

MDA LENDING SOLUTIONS INC.,

    Defendant.

**DEFENDANT MDA LENDING SOLUTIONS INC.'S MEMORANDUM
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW MDA Lending Solutions Inc., (hereinafter "MDA") defendant, by counsel, and in further support of its Motion to Dismiss the Complaint ("Motion to Dismiss") and in rebuttal to Plaintiff's Opposition to Defendant MDA Lending Solutions Inc.'s Motion to Dismiss, states as follows:

**I. Plaintiff Has Failed To Establish That It Ordered A Title Search From MDA.**

As mentioned in defendant's Memorandum in Support of its Motion to Dismiss, Plaintiff is relying upon the Real Estate Settlement Services Purchase Agreement (hereinafter "Settlement Services Agreement") between United Leasing Company and defendant MDA for its breach of warranty claim against defendant MDA. The documents relied upon by plaintiff to support its claim for ordering a title search from MDA do not support the allegations alleged by plaintiff in its Complaint.

    **A. The documents relied upon by plaintiff in its Complaint fail to establish that plaintiff ordered a title search from defendant MDA.**

In the case at bar, plaintiff claims that it has sufficiently pled that it ordered a title search report from defendant MDA. *Plaintiff's Brief In Opposition*, at 6-7. To support its argument,

1

plaintiff relies upon the allegations contained in the Complaint, but ignores the information in the documents that contradict plaintiff's allegations. *Id.* at 7.

Plaintiff's argument ignores the second prong of *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). While it is true that in a 12(b)(6) setting, plaintiff's allegations must be accepted as true, *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Trulock v. Freeh,* 275 F.3d 391, 405 (4th Cir. 2001), the second prong of *Iqbal*, requires that the court "analyze the allegations in their specific context using the court's 'judicial experience and common sense' to determine whether the factual allegations 'plausibly suggest an entitlement to relief.'" *Id.*

In *Berry v. Butierrez*, 587 F.Supp.2d 717 (2008), plaintiff employee alleged that defendant Patent and Trademark Office ("PTO") breached a settlement agreement. Plaintiff attached the settlement agreement to her Complaint. Defendant PTO filed a Motion to Dismiss. *Id.* at 721. The court first determined whether it could consider the settlement agreement attached by plaintiff to her Complaint. In holding that the settlement agreement could be considered in a motion to dismiss setting, the court stated that "[a] court can also take into consideration at the 12(b)(6) stage documents attached to a motion to dismiss as long as they are integral to the complaint and authentic." *Id.* at 723. The court then reviewed the settlement agreement along with the complaint filed by plaintiff employee and held that the settlement agreement did not support four of the five breach allegations alleged by plaintiff. *Id.* at 724. While the court did hold that one of plaintiff's allegations did plead a breach of the settlement agreement, the court could not provide the remedies sought by plaintiff because the settlement agreement precluded those remedies, and furthermore, the court lacked subject matter jurisdiction over plaintiff's Complaint. *Id.* What is important to note is that this decision was

reached in part by a review of the terms of the settlement agreement and also applicable law for sovereign immunity. *Id.* at 725-26.

An analysis of the documents provided by plaintiff and MDA to this matter in their specific context, shows that the documents do not support plaintiff's allegations that it ordered the title report from MDA and that MDA provided the title report to plaintiff.  There is no indication on any of the documents that the Title Reports were ordered by plaintiff or that the title reports were provided to Plaintiff.  As previously stated in MDA's Memorandum in Support of Its Motion to Dismiss, the person who ordered the title report in 2008 was indicated as being Tia Wiggins, and the documents relied upon by Plaintiff indicate that she is an employee of United Leasing Corporation.  It should also be noted that on the TransUnion Settlement Solutions Inc. Membership Application, when United Leasing Corporation was asked if it was affiliated with another company, United Leasing Corporation marked "no".[1]  *See Defendant MDA Lending Solutions Inc.'s Memorandum In Support of Its Motion to Dismiss Plaintiff's Complaint*, at Exhibit A.  Hence, Plaintiff's allegations do not enjoy the presumption of truth, and Plaintiff has failed to state a claim for which relief can be granted.  Furthermore, Plaintiff's attempt to introduce a new fact, namely that Tia Wiggins sometimes acted as an agent for Plaintiff, *Plaintiff's Brief in Opposition*, at 7, is outside the scope of the Complaint and should not be considered.

## II.  No Privity Exists Between Defendant MDA And Plaintiff.

As previously argued in its Motion to Dismiss, there is no privity between MDA and plaintiff.

---

[1] This raises the question of whether Plaintiff was in existence at the time of the Settlement Services Agreement, which was executed in November of 2006.

>   **A. Simply because plaintiff alleges that it is an affiliate of a non-party who has a contractual relationship with MDA, does not necessarily mean that plaintiff is in privity with MDA.**

Plaintiff claims that it has sufficiently alleged that it is in privity with defendant MDA because it is an affiliate of United Leasing Corporation, a non-party, and "that it has incurred losses as a result of MDA's breach of contract and breach of warranty." *Plaintiff's Brief in Opposition*, at 5. However, simply being an affiliate of a party to a contract does not necessarily mean that the affiliate is in privity to the contract, and can enforce the contract.

It is clear from the documents relied upon by Plaintiff, that it did not sign the Settlement Services Contract. The Settlement Services Agreement has no signature line for Plaintiff, and there is no indication anywhere that an employee or agent of Plaintiff signed the Settlement Services Agreement. Furthermore, Plaintiff's name appears nowhere in the Settlement Services Agreement. This is further supported by the fact that the Settlement Services Agreement, between MDA and United Leasing Corporation, which is relied upon by Plaintiff, clearly indicates that when United Leasing Corporation was asked if it was affiliated with any company, it said "no". *See Defendant MDA Lending Solutions Inc.'s Memorandum In Support of Its Motion to Dismiss*, Exhibit A. Additionally, the language in the 2008 Title Search Report, specifically states that the warranty in the title search report is not for the benefit of any third party. *Id.* at Exhibit B.

In fact, the documents do not give any indication at all to MDA that Plaintiff exists or that there is some legal relationship between United Leasing Corporation and Plaintiff. The services, i.e. the Title Search Reports, provided by MDA to United Leasing Corporation were a product of the agreement between MDA and United Leasing Corporation. As such, plaintiff has no right to enforce a breach of contract or breach of warranty claim. *See e.g. Patterson-Woods*

*& Associates LLC v. Realty Enterprises LLC*, 2008 WL 2231511 (Del. Super.May 27, 2008) (attached as Exhibit 1) (holding that plaintiff was not a party to a release because plaintiff did not sign the document; plaintiff was not named as a party to the release, and no one signed for plaintiff.)

> **B. Plaintiff has not alleged any claim for indemnification and its attempt to do so now is improper.**

Plaintiff has not alleged in its Complaint that it is seeking contractual indemnification from MDA. Rather, Plaintiff is seeking damages from defendant MDA for an alleged breach of warranty and an alleged breach of contract. The wording of Plaintiff's Complaint is to enforce the terms of the Settlement Services Agreement and the warranty in the 2008 Title Report. There is no count alleged for contractual indemnification, and it is improper at this stage, for plaintiff to now, in its Brief in Opposition to defendant MDA's Motion to Dismiss, assert a new count for indemnification, and to attach new documents, namely the promissory note with Wachovia Bank and the assignment of the lease.

Contrary to Plaintiff's allegations, in no way has MDA "take[n] the untenable position that since [Plaintiff] is not being sued by another party, Section 5 of the [Settlement Services Agreement] is not applicable." *Plaintiff's Brief in Opposition*, at 5 (alterations added.) Rather, MDA stated, "Plaintiff has not made any allegations in its lawsuit for indemnification. For example, no one is suing Plaintiff for an alleged breach of the warranty in the Title Report. Rather, Plaintiff is simply seeking remedies based upon an alleged breach of contract and an alleged breach of warranty. Since Plaintiff has pled these counts in its lawsuit, Plaintiff has no privity with MDA under the Settlement Services Agreement, . . . ." *Defendant MDA Lending Solutions Inc.'s Memorandum In Support of Its Motion to Dismiss Plaintiff's Complaint*, at 5 (emphasis added.)

5

**III. Conclusion**

Based upon the foregoing and upon Defendant MDA Lending Solutions Inc.'s Motion to Dismiss Plaintiff's Complaint and Defendant MDA Lending Solutions Inc.'s Memorandum In Support of Its Motion to Dismiss Plaintiff's Complaint, MDA requests that Plaintiff's Complaint be dismissed.

Respectfully submitted,

/s/Karen E. Daily
Ronald J. Guillot, Jr., Esq. (VSB# 72153)
Karen E. Daily, Esq. (VSB# 48210)
SAMUEL I. WHITE, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, Virginia 23462
(757) 217-9304 (Office)
(757) 497-2802 (Facsimile)
*rguillot@siwpc.com*; kdaily@siwpc.com
*Counsel for Defendant MDA Lending Solutions Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of June, 2010, I caused a true copy of the foregoing with attachments to be served via electronic transmission with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James E. Kane, Esquire
Kane, Papa & Ortiz
1313 East Cary Street
Richmond, Virginia 23219
(804) 225-9500
(804) 225-9598 – facsimile
*Counsel for Plaintiff*

/s/Karen E. Daily
Ronald J. Guillot, Jr., Esq. (VSB# 72153)
Karen E. Daily, Esq. (VSB# 48210)
SAMUEL I. WHITE, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, Virginia 23462
(757) 217-9304 (Office)
(757) 497-2802 (Facsimile)
*rguillot@siwpc.com*; kdaily@siwpc.com
*Counsel for Defendant MDA Lending Solutions Inc.*