IN THE UNITED STATEDS DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHURCH HILL PLACE INVESTMENTS, LLC,

    Plaintiff,

v.                                     Case No.: 3:10-cv-00288-RLW

MDA LENDING SOLUTIONS INC.,

    Defendant.

### **DEFENDANT MDA LENDING SOLUTIONS INC.'S REPLY BRIEF**

COMES NOW, MDA Lending Solutions Inc., (hereinafter "MDA") defendant, by counsel, pursuant to this Honorable Court's Order dated August 3, 2010 (Dckt # 16), Defendant submits the following Reply:

**PLAINTIFF'S POSITION THAT THE AMOUNT IN CONTROVERSY IS IN DOUBT IS INCONSISTENT WITH CASE LAW.**

It is undisputed that the Plaintiff's Complaint alleges a specific amount in controversy which exceeds the jurisdictional threshold. (Compl. ¶20, & Prayer for Relief). These allegations are sufficiently pled to meet the threshold requirement. The Plaintiff now argues that **should** MDA prevail on its defense then recovery **may** be limited to an amount less than the jurisdictional requirement. (Plaintiff's Suppl. Brief at 4) (emphasis added). The Plaintiff does not cite to one case or authority that holds that an affirmative defense can defeat the amount in controversy when the face of the Complaint dictates otherwise. It is untenable to take the position that the Complaint is pled in good faith wherein Plaintiff seeks in excess of one million dollars, but that the defendants' reliance on the same pleading constitutes bad faith and therefore defeats removal. This is true especially in light of the fact that both parties knew or should have known of the existence of the Limitation of Liability clause.

<u>The Cases Cited By Plaintiff Are Consistent With Removal.</u>

The Plaintiff attempts to rely on cases that bear no consequence to the facts at bar. At the outset, the Plaintiff acknowledges that "[a]s a general rule, the amount of damages being claimed in the complaint is the determining factor for jurisdiction in removal matters." (Plaintiff's Suppl. Brief at 3) (citations omitted). Plaintiff fails to set forth any reason whatsoever why a departure from this general rule is warranted in this case. MDA submits there is none.

In support of its argument, the Plaintiff cites to three 4th Circuit cases, none of which addressed the amount in controversy prong where a specific dollar amount was pled in the Complaint. Plaintiff's argument that "it is equally well settled that the parties' characterization of themselves or their claims is not determinative for federal jurisdiction purposes" is unavailing. (Plaintiff's Suppl. Brief at 4) (citing *Gen. Tech. Applications, Inc. v. Exro LTDA*, 388 F.3d 114, 118 (4th Cir. 2004) (citing *Roche v. Lincoln Prop. Co.*, 373 F.3d 610, 615-16 (4th Cir. 2004). Neither of these cases addressed the amount in controversy, but instead addressed the parties and standing issues.

In *Gen. Tech*, the Court's opening to its rationale stated "[w]e must first address jurisdiction. Standing is a jurisdictional issue we must consider independently." *Gen Tech*. at 118. (internal citations omitted). The Court then goes on to provide a detailed analysis of the parties' status as it pertains to jurisdiction. The Court held that "[t]hus, Exro is without standing to pursue its counterclaim against GTA." *Id* at 120. The Court's analysis was limited to jurisdiction as it related to standing, not the amount in controversy. "Quite simply, the wrong party has been sued." *Id*. The Court's extensive analysis does not even mention much less touch upon the amount in controversy or the defendant's duty of good faith in removal claims.

Given the rationale in *Gen. Tech*, the proposition that "it is equally well-settled that the parties' characterization of themselves or their claims is not determinative for federal jurisdiction purposes" is not applicable to the amount in controversy issue before this Court. *Gen. Tech* at 118. The Court merely held that the parties can't create standing by couching their claims in a certain manner. The Court also addressed dual citizenship and whether true diversity of the parties was present. *See Gen. Tech*., 120-121. As such, the Plaintiff's citation to *Gen. Tech*. in this context is misplaced as there are no standing issues presented in the case at bar. In short, Plaintiff fails to provide any authority or reason for this Court to depart from the general rule that the damages pled by plaintiff are controlling.

In *Dixon v. Coburg Dairy, Inc*., 369 F.3d 811 (4th Cir. 2004) (*en banc*), a case cited in *Gen. Tech*. and apparently relied upon by Plaintiff (Plaintiff's Suppl. Brief at 4) also fails to lend any authority or support in resolving the amount in controversy issue. In *Dixon*, the plaintiff filed suit alleging he was terminated in violation of Section 16-17-560 of the South Carolina Code and that the discharge was in retaliation of his exercise of constitutional rights. *Dixon* at 814. Defendant then removed the case to federal court, asserting that the district court had original jurisdiction because the case involved a substantial question of federal law. *Id* at 815. The Court never addressed the amount in controversy issue but instead determined "[t]hus, we must decide whether Dixon's claim 'aris[es] under the Constitution, laws, or treaties of the United States.'" *Id* at 816. The Court went on to analyze removal jurisdiction in light of whether a substantial federal question was presented.

The Plaintiff's argument is perplexing at best and inconsistent at worst. The Plaintiff has placed over one million dollars in controversy by specifically alleging that amount in compensatory damages. Now, Plaintiff sets forth in its brief that defendants have no good faith

basis to believe that the amount in controversy is met, despite Plaintiff's own pleading filed in accordance with Virginia law.  Plaintiff also seems to place some reliance on the cases emanating from the 10th Circuit, but those cases were presented with Complaints that were silent as to the specific amount of damages pled and are inapposite.  That is not the case here, and the scant references to 4th Circuit opinions addressing standing and federal questions, do not give rise to a disregard of the general rule that plaintiff's complaint is controlling.

Clearly, the Plaintiff never concedes that the limitation of liability clause is applicable or enforceable.  Instead, Plaintiff posits the following:

> **[s]hould** MDA prevail on its defense that Church Hill Place was not a party to the Settlement Services Agreement, the amount Church Hill Place **may** recover **could** be limited to $25,000.00, based on the Terms and Conditions set forth within the Septemeber 2, 2008 Title Search Report ("Title Report").

(Plaintiff's Suppl. Brief at 4; see also Plaintiff's Suppl. Brief at 10 (Conclusion)) (emphasis added).  Plaintiff does not even concede that if MDA is successful that the damages will be limited. Id.  Plaintiff merely states it may or could be limited to an amount under the amount in controversy.  As such, even Plaintiff's argument in the face of a successful defense is that damages in excess of the jurisdictional amount may still be recoverable.  This argument as well as the Complaint places that amount in controversy, with or without the applicability of the affirmative defenses as set forth.

Finally, the Plaintiff never addresses the "legal certainty" part of the analysis.  The *Wiggins* Court in affirming the general rule "[o]rdinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith. *Wiggins v. North Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981).  It further stated that good faith is "a salient factor" but good faith alone will not control "if it

4

appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount…" *Id*.  One can only presume that the Plaintiff concedes that his Complaint was filed in good faith.  So the lone question becomes whether the Plaintiff cannot recover the jurisdictional amount to a legal certainty.  The Court also provided some parameters as to the "legal certainty" by stating "[h]owever, the legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Id*. at 1017.  This Court would have to make a determination that the Limitation of Liability clauses asserted as a legal defense would be a legal certainty to limit recovery and virtually negate the Plaintiff's good faith in asserting the claim.

## CONCLUSION

In sum, the amount of damages being claimed in the Plaintiff's Complaint controls in determining whether the amount in controversy requirement is met.  The Plaintiff has failed to cite to any authority that warrants a departure from this general rule.  Absent a lack of good faith or a determination that the amount in controversy can not be met to a "legal certainty", this Court should reject these contentions and exercise its diversity jurisdiction.

                                                    Respectfully submitted,

                                                   /s/Ronald J. Guillot, Jr._____
                                                   Ronald J. Guillot, Jr., Esq. (VSB# 72153)
                                                   Karen E. Daily, Esq. (VSB# 48210)
                                                   SAMUEL I. WHITE, P.C.
                                                   5040 Corporate Woods Drive, Suite 120
                                                   Virginia Beach, Virginia 23462
                                                   (757) 217-9304 (Office)
                                                   (757) 497-2802 (Facsimile)
                                                   *rguillot@siwpc.com*; *kdaily@siwpc.com*
                                                   *Counsel for Defendant MDA Lending Solutions Inc*

.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of September, 2010, I caused a true copy of the foregoing with attachments to be served via electronic transmission with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James E. Kane, Esquire
Kane, Papa & Ortiz
1313 East Cary Street
Richmond, Virginia 23219
(804) 225-9500
(804) 225-9598 – facsimile
*Counsel for Plaintiff*

/s/Ronald J. Guillot, Jr.
Ronald J. Guillot, Jr., Esq. (VSB# 72153)
Karen E. Daily, Esq. (VSB# 48210)
SAMUEL I. WHITE, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, Virginia 23462
(757) 217-9304 (Office)
(757) 497-2802 (Facsimile)
*rguillot@siwpc.com*; kdaily@siwpc.com
*Counsel for Defendant MDA Lending Solutions Inc.*